UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00096-LLK

**LISA E. BURTON**  PLAINTIFF

v.

**NANCY A. BERRYHILL, Acting Commissioner of Social Security**[1]  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets 14 and 19. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. Docket 10.

Because the administrative law judge's (ALJ's) decision was supported by substantial evidence in the administrative record and was in accord with applicable legal standards, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### Background facts and procedural history

Plaintiff filed an application for Social Security disability benefits in August 2012. The administrative record contains no medical opinion regarding what she can still do despite her impairments, or her physical residual functional capacity (RFC).[2]

In December 2012, Plaintiff underwent right carpal tunnel release and cervical spine surgery.

In March 2013, in light of the available medical records, the Commissioner's non-examining agency physician, Alex Guerrero, opined that, within 12 months of the surgeries,[3] Plaintiff will likely have

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security.
[2] RFC is defined as "the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." Social Security Ruling (SSR) 96-8p, 1996 WL 374184.

1

an RFC to perform a limited range of light work,[4] with standing/walking limited to 4 hours per 8-hour workday. Administrative Record (AR), p. 144.

At the administrative hearing, the vocational expert (VE) identified a significant number of jobs in the national economy that an individual who has the RFC opined by Dr. Guerrero can perform.

The ALJ gave "great weight" to Dr. Guerrero's RFC, which the ALJ found to be "consistent with the medical evidence of record and [Plaintiff's] activities." ALJ's decision, AR, p. 66. The ALJ concluded that Plaintiff is not disabled because, although she cannot perform her past relevant work, she retains the ability to perform a significant number of jobs in the national economy, i.e., those identified by the VE. AR, pp. 66-67.

**Discussion**

Plaintiff argues that the ALJ erred in giving great weight to Dr. Guerrero's RFC because it was speculative (i.e., based on her likely ability to perform a limited range of light work 12 months into the future) and did not take into account her actual, subsequent medical history and treatment.

There will always be a gap between the time the agency experts review the record and give their opinions and the time the ALJ issued his/her decision. Kelly v. Commissioner, 314 F. App'x 827, 831 (6th Cir. 2009). Therefore, the ALJ's reliance on Dr. Guerrero's opinion (in support of a finding of lack of disability) was necessarily imperfect.

The dispositive point in this case is not the imperfect quality of Dr. Guerrero's opinion but the absence in the administrative record of any contrary medical opinion. See 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled") and 404.1545(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your [RFC]").

---

[3] To be disabling, an impairment must produce restrictions that "can be expected to result in death or which [have] lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).
[4] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b). The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday, with intermittent sitting during the remaining time. Social Security Ruling (SSR) 83-10, 1983 WL 31251.

The administrative record does contain medical records and treatment notes in support of Plaintiff's disability claim. Records and notes, however, are not a substitute for a medical opinion. See Fensterer v. Commissioner, 2013 WL 4029049 (E.D.Mich.) quoting Nguyen v. Secretary, 172 F.3d 31, 35 (1st Cir. 1999) (Reviewing courts are "simply not qualified to interpret raw medical data in functional terms"); see also Wycoff v. Commissioner, 2014 WL 6685077 (S.D.Ohio) quoting 20 C.F.R. § 404.1527(a)(2) (Treatment notes do not qualify as medical opinions unless they "reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions").

If the record contained a treating physician's opinion concerning Plaintiff's RFC (assuming it was more limiting than Dr. Guerrero's), there would have been a case-law basis for arguing that the ALJ erred in preferring Dr. Guerrero's opinion. See Blakley v. Commissioner, 581 F.3d 399, 409 (6th Cir. 2009) (Where the administrative record contains both the opinion and notes of the treating physician, "we require some indication that the ALJ at least considered these facts before giving greater weight to an opinion that is not based on a review of a complete case record").

Giving Plaintiff the benefit of the doubt (by ignoring the fact that there was no medical opinion contrary to Dr. Guerrero's), the ALJ's reliance on Dr. Guerrero's March 2013 opinion was supported because the ALJ gave many indications that he considered the subsequent treatment notes. After March 2013, Plaintiff underwent right and left knee replacement surgeries and thoracic surgery. The ALJ's decision reflects that he was aware of those surgeries but nevertheless found that Dr. Guerrero's opinion remained valid:

> … In June of 2013, [Plaintiff] had arthroscopic repair of the right medial meniscus, and in December of 2013, [she] underwent total right knee replacement. In June of 2014, she had total knee replacement of the left knee.
>
> … In September of 2014, Amr El-Naggar, M.D., performed a decompression at T3-4 and hemilaminectomy and partial facetectomy at T3-4.

> … [I]n August of 2014, [pulmonary function tests] found an FVC at 68% of predicted values and an FEV-1 of 79%, improving to FVC at 70% and FEV-1 at 83% after use of albuterol. … In November of 2013, [Plaintiff] reported that she rarely needs to use her rescue inhaler and that she doesn't cough or wheeze much.
>
> … Despite her multiple surgeries, examinations have stated that [Plaintiff] has a normal gait and station, can walk on heels and toes with ease, has normal muscle tone and motor strength with normal movement of all extremities, and has normal sensation and reflexes.  She continues to perform activities consistent with the range of light work described above, and testified at the hearing that she attends church, talks to friends on the phone, folds her clothes and puts them away, sorts laundry, shops for groceries, reads, watches television, sews sometimes, and drives.
>
> (ALJ's decision, AR, pp. 64-66).

There will always be a gap between the time the agency experts review the record and give their opinion and the time the hearing decision is issued.  Kelly v. Comm'r of Soc. Sec., 314 F. App'x 827, 831 (6th Cir. 2009).  "Absent a clear showing that the new evidence renders the prior opinion untenable, the mere fact that a gap exists does not warrant the expense and delay of a judicial remand."  Id.  As in Kelly, Plaintiff has failed to show that "the evidence submitted after the state agency assessment … fatally undermine[s] the accuracy of that assessment."  Id.[5]

**ORDER**

The final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.

---

[5] Viewed from another perspective, Plaintiff's criticism of the ALJ's acceptance of Dr. Guerrero's opinion amounts to an invitation for this Court to re-weigh the evidence as a whole already considered by the ALJ and reach a different conclusion concerning her RFC.  Even if the Court were inclined to reach such a conclusion, this would not necessarily warrant a disturbance of the ALJ's decision.  See Blakley v. Commissioner, 581 F.3d 399, 406 (6th Cir. 2009) ("The substantial-evidence standard … presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").